THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Terrance Jerell Gerald,<br><br>                    Plaintiff,<br><br>v.<br><br>City of Orem, Utah, et al.<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER TEMPORARILY GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND ORDERING PLAINTIFF TO FILE AN AMENDED COMPLAINT<br><br>Case No. 2:26-cv-338 DBP<br><br>Magistrate Judge Dustin B. Pead |

On April 22, 2206, Plaintiff filed a Motion to Proceed *in forma pauperis*[1] (IFP Motion) and a Complaint with an attachment naming a number of Defendants. Because Garald proceeds in forma pauperis, the court reviews the sufficiency of the pleading under the authority of 28 U.S.C. § 1915.[2] For the reasons set forth herein, the court temporarily grants Plaintiff's IFP Motion and Orders Plaintiff to file an amended complaint on or before **June 5, 2026.**

**STANDARD OF REVIEW**

Under the in forma pauperis statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

---

[1] ECF No. 2.

[2] 28 U.S.C. § 1915(e).

such relief."[3] The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[4] To help facilitate that objective, the in forma pauperis statute provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[5] When determining whether to dismiss for failure to state a claim, the court employs the same standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12.[6]

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[7] The court accepts well-pleaded allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[8]

As a pro se litigant, the Court construes Plaintiff's complaint liberally and holds Gerald's pleadings to a less stringent standard than formal pleadings drafted by lawyers.[9] Yet even under a liberal review, Plaintiff is not excused from compliance with federal pleading requirements or

---

[3] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[4] *Trujillo v. Williams,* 465 F.3d 1210, 1216 (10th Cir. 2006) (*citing Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

[5] *Id.*

[6] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007); Fed. R. Civ. P. 12(b)(6).

[7] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[8] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

[9] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

from stating a claim for which relief may be granted.[10] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[11] It "is not the proper function of the Court to assume the role of advocate for a pro se litigant,"[12] and the court should not "supply additional facts, [or] construct a legal theory . . . that assumes facts that have not been pleaded."[13]

Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."[14] The purpose of this rule is to provide opposing parties with fair notice of the claims against them so that they may respond, and it allows a court to conclude that the allegations, if proven, show a plaintiff is entitled to relief. Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.

## DISCUSSION

### I. The Complaint Fails To State A Claim Upon Which Relief May Be Granted.

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15] The Supreme Court has explained that "[a] claim has facial plausibility when the

---

[10] *Id.* at 1009; *see also* Fed. R. Civ. P. 8; 28 U.S.C. §1915(e)(2)(B)(i)(ii); Fed. R. Civ. P. 12(b)(6).

[11] *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[12] *Hall*, 935 at 1110.

[13] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied,* 493 U.S. 1059, 107 L. Ed. 2d. 954, 110 S. Ct. 871 (1990).

[14] Fed. R. Civ. P. 8.

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic* 550 U.S. at 570)).

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16]

Plaintiff's form complaint for violation of civil rights is basically blank. The only thing on the Complaint is a date and Plaintiff's signature. Under the heading for Defendants on the form complaint Plaintiff provides "see attached." Attached to the Complaint is an "exhibit list – Utah case." It provides brief details surrounding an affidavit of probable case from November 2021 where presumably Plaintiff was held without bail based on domestic violence. Plaintiff lists Arkansas as his county of residence and as Defendants the City of Orem, Utah County, some unnamed Orem police officers, an unnamed supervising officer, and an unnamed records clerk. Plaintiff avers "Fourth and Fourteenth Amendment violations arising from stop, arrest, continued detention, prosecution, and evidence-preservation failures in Utah County, Utah" and seeks $5,000,000 in damages and fees.

Upon review, Plaintiff's claims are unintelligible, and they fail to support any cognizable claim for relief. Thus, because the complaint fails to provide any factual content that allows the court to reasonably infer that Defendants are liable for any misconduct, it is subject to dismissal.[17] Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[18]

---

[16] *Id.*

[17] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[18] *Kay,* 500 F.3d at 1217 (internal quotation marks omitted).

## CONCLUSION

The court ORDERS as follows:

1. Plaintiff's Motion to Proceed IFP is temporarily granted.

2. Plaintiff is ORDERED to file an amended complaint by **June 5, 2026.** The words "Amended Complaint" should appear in the caption of the document.

3. The amended complaint will completely replace all prior versions of the complaint and claims which are not realleged in the amended pleading will be deemed abandoned.[19]

4. The Amended Complaint is to name all parties and provide details that comply with Federal Rule 8 as set forth above.

5. Once filed, the court will in due course screen the amended complaint under 28 U.S.C. § 1915(e) and the Local Rules.

6. The clerk's office is directed to provide Plaintiff with the magistrate judge consent / reassignment form as well as the email filing and electronic notification form for unrepresented parties. Plaintiff may complete and return forms provided by the court.

7. The time to serve the complaint is tolled until further order of the court.

8. Failure to file an amended complaint may result in dismissal of this action.

---

[19] *See Pierce v. Williams*, No. CIV 20-284-RAW-SPS, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect.") (*citing Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

DATED this 19 May 2026.

Magistrate Judge Dustin B. Pead
United States District Court for the District of Utah